# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NEYSA MICHELLE AUSTIN, | ) | Case No. 04-51020 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BRUCE E. STRAUSS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.  04-5510 |
| | ) | |
| NEYSA MICHELLE AUSTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On November 15, 2004, the chapter 7 trustee appointed in the underlying bankruptcy case, Bruce E. Strauss ("Trustee"), filed this adversary proceeding seeking the denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), (4)(D), and (5).  The thrust of the Trustee's complaint is that the Debtor, Neysa Michelle Austin, failed to maintain adequate records in the operation of her delivery business, failed to turn over to the Trustee the business records she did have, and failed to adequately explain the dissipation of over $99,000 in gross income earned in the twelve months prior to the petition date.  The Court held a hearing on this matter on February 16, 2005.  Both parties were represented by counsel.  The Court took the matter under advisement at the conclusion of the hearing.

Upon consideration of the evidence, arguments, and relevant law, the Court will deny the Debtor's discharge under § 727(a)(3) and (5).

## BACKGROUND

In 2001, the Debtor left her job as a secretary to start her first business, a deceptively simple endeavor.  The Debtor opened a business delivering flowers in the Kansas City metropolitan area for a local florist.  The Debtor owned two vans and deliveries were made by the Debtor or by drivers she hired

on a per job or weekly basis. Based on the Debtor's schedules, filed on August 14, 2004, the business grossed $99,307 for the 12 months prior to filing.

Beyond these facts, however, the details of the Debtor's business are obscure because the Debtor failed to keep any meaningful records regarding the operation of the business. Apparently, the only "business records" the Debtor kept were bank statements and a document purporting to be a weekly breakdown of salaries paid to her drivers in 2002 and 2003. And neither of those documents is particularly informative – the bank statements do not provide any useful information regarding the income and expenses of the business, and the Debtor admitted that the salary information was actually a reconstruction created some time after the fact.

Conspicuously missing from the documents produced were any sort of business ledger, copies of checks or deposit slips, and Forms 1099 for wages paid to her drivers, although the Debtor testified that she had recently (in January 2005) completed the Forms 1099 for the 2003 tax year. An expert in tax accounting testifying on behalf of the Trustee concluded that the Debtor's records were insufficient to accurately determine the Debtor's income or expenses or to compile a tax return.[1] The Trustee, offering narrative testimony in support of his complaint, also stated that in his experience as a trustee, the Debtor's records were grossly inadequate to determine how the Debtor's nearly $100,000 in yearly gross receipts was spent.

The Debtor did not provide any explanation for her failure to keep accurate (or any) business records other than her inexperience in business.

## II. DISCUSSION

A.     **11 U.S.C. § 727(a)(3)**

Count I of the Trustee's complaint seeks a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), which provides:

---

[1] In fact, the Trustee's expert found it difficult to imagine that the Debtor had enough information for the tax returns she did file for tax years 2002 and 2003. Perhaps it is no surprise then that the accountant who allegedly assisted the Debtor in filing those returns did not or would not sign them as the preparer.

2

> (a) The court shall grant the debtor a discharge, unless--
>
> \* \* \*
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case....

In this case, the debtor has clearly failed to preserve any recorded information from which her financial condition and business transactions might be ascertained. Neither the bank records nor the unreliable summary of salaries provides sufficient information to evaluate the debtor's financial condition and business transactions.

The Court recognizes that the debtor's failure to preserve business records was, in all likelihood, not motivated by deviousness but rather caused by incompetence. That incompetence, however, does not justify the failure to maintain such records under the circumstances of this case. Specifically, incompetence will justify the failure to preserve business records only where it can be shown that the creditors have not been harmed by a debtor's conduct or inaction.[2] In this case, the failure to preserve business records is so egregious and the amount of gross receipts so high, there is simply no way to determine whether or not the creditors were harmed.

Accordingly, the Court will deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3).

**B.    11 U.S.C. § 727(a)(4)(D)**.

Count II of the Trustee's complaint seeks a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D), which provides:

> (a) The court shall grant the debtor a discharge, unless--
>
> \* \* \*
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case... (D) withheld from an officer of the estate entitled to possession

---

[2] *See In re Hirsch*, 36 B.R. 643 (Bankr. S.D. Fla.1984); *In re Kinney*, 33 B.R. 594 (Bankr. N.D. Ohio 1983).

>>under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs....

Although the Court is disturbed that the Debtor was neither prompt nor diligent in responding to the Trustee's requests for information, the Debtor's conduct did not rise to a level warranting the denial of discharge under § 727(a)(4)(D).

### C.    11 U.S.C. § 727(a)(5)

Count III of the Trustee's complaint seeks a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5), which provides:

> (a) The court shall grant the debtor a discharge, unless--
> \* \* \*
>> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities....

Under § 727(a)(5), the objecting creditor or trustee has the initial burden of identifying missing assets by showing that the debtor, at a time not remote in time to commencement of the case, had assets that would have belonged to the estate and that on the petition date she no longer had those assets.[3] The burden then shifts to the debtor to explain the dissipation of assets.

In this case, the Trustee has established, through the Debtor's own admissions in her schedules, that the Debtor's business had $99,307 in gross receipts over the last twelve months, but as of the petition date had total assets of only $2,290. The Debtor maintains that most, if not all, of the gross receipts were used to pay her business expenses. But as result of her failure to maintain adequate business records, the Court has no way of confirming, one way or the other, the Debtor's statements. Thus, the Debtor has failed to sustain her burden of satisfactorily explaining the dissipation of her assets, and the Court will deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5).

---

[3] *See In re Straub*, 192 B.R. 522 (Bankr. D. N.D. 1996).

## III. CONCLUSION

For the reasons stated above, the Court will deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) and (5). This opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 28rd day of March 2005.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Bruce E. Strauss
Tracy L. Robinson